Matthew R. Orr, Bar No. 211097
 morr@calljensen.com
William P. Cole, Bar No. 186772
 wcole@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Plaintiff Quincy Bioscience, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY BIOSCIENCE, LLC,<br><br>         Plaintiff,<br><br>    vs.<br><br>TADAS URBONAITIS, individually and doing business as Store 9998; VITA4LIFE; and DOES 1 through 5, inclusive,<br><br>         Defendants. | Case No.   2:21-cv-2180<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS**<br><br>**JURY REQUESTED** |

This is a suit by Plaintiff Quincy Bioscience, LLC ("Plaintiff" or "Quincy") against eBay sellers Tadas Urbonaitis (also doing business as store 9998) ("Tadas"), VITA4LIFE, and Does 1 through 5, ("Defendants") for damages and injunctive relief arising out of Defendants' misappropriation and use of Plaintiff's PREVAGEN® trademark. As set forth below, Defendants' unlawful acts constitute counterfeiting, trademark infringement, false designation and unfair competition, as well as dilution and unfair competition under state law.

## PARTIES

1. Plaintiff Quincy Bioscience, LLC is a Wisconsin corporation with an address at 726 Heartland Trail, Suite 300, Madison, Wisconsin 53717.

2. Upon information and belief, Defendant Tadas is an individual (or the alias of an individual) residing in Lithuania and/or Belgium, and is not resident in the United States.

3. Upon information and belief, Defendant VITA4LIFE is a business, form unknown, in Lithuania and not resident in the United States.

4. Upon information and belief, Defendants DOES 1 through 5, inclusive, whether individual, corporate, or otherwise, are not resident in the United States and are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. Plaintiff will seek leave of court to amend this Complaint to allege said defendants' true names and capacities when Plaintiff ascertains them. On information and belief, Plaintiff alleges the fictitiously named defendants are responsible in some manner for the occurrences and damages herein alleged. Plaintiff is informed and believes, and therefore alleges at all times mentioned herein, each of the defendants, including the Doe defendants, was and is an agent, aider, abettor, servant, employee, representative and/or alter ego of the remaining defendants and, in doing the things herein alleged, was acting within the scope of his, her or its authority as such, with the knowledge, consent, permission and ratification of the remaining defendants.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the federal trademark and unfair competition claims asserted in this action pursuant to 28 U.S.C. §§ 1331, 1332 & 1338, and 15 U.S.C. § 1121.

6. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state law pursuant to 28 U.S.C § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. Defendants are subject to this Court's jurisdiction because, on information and belief, they regularly conduct business in the United States, they have committed the acts complained of herein in the United States, and their acts have caused harm in the United States.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c) because, on information and belief, Defendants are not resident in the United States.

## FACTUAL BACKGROUND

9. This action arises from Defendants' unlawful use of Plaintiff's PREVAGEN® trademark.

10. Quincy is a research-based biotechnology company which develops, markets and sells dietary supplements used for, inter alia, the support of cognitive function. Since at least as early as 2007, Quincy has used the trademark PREVAGEN® in commerce in connection to dietary supplements.

11. Quincy's high-quality dietary supplements, including its PREVAGEN® line of dietary supplements, are widely available for retail purchase in brick and mortar stores throughout the United States. Quincy's PREVAGEN® supplements are also widely marketed and distributed by way of various Internet websites.

12. Quincy owns all rights to U.S. Trademark Registration No. 3,349,744 for the PREVAGEN® mark, which is used in connection with "dietary supplements" in International Class 005 and United States Classes 006, 018, 044, 046, 051, and 052.

The PREVAGEN® mark was registered on December 4, 2007. By virtue of Quincy's long and continuous use of its mark, the foregoing trademark registration is now legally incontestable pursuant to 15 U.S.C § 1065. A copy of U.S. Trademark Registration No. 3,349,744 is attached hereto as Exhibit A.

13. The use by Quincy of its distinctive PREVAGEN® mark for its quality nutritional supplement product has led Quincy to acquire valuable goodwill and name-recognition within the dietary supplement industry.

14. Quincy's PREVAGEN® product is sold packaged in a single facing box, which contains a bottle of dietary supplements sealed with a plastic safety overwrap and a product information sheet. Both the box and the sheet contain valuable information regarding the product which is not present on the bottle label, including information on the use of the product, answers to frequently asked questions about the product, and a toll-free number for contacting Quincy.

15. Quincy offers a money-back guarantee to purchasers of genuine PREVAGEN® products, which does not extend to purchases from unauthorized sellers of PREVAGEN® products not containing the front facing box packaging, product information sheet, and the information provided therein.

16. Defendants sell dietary supplements to customers in the United States and abroad on the internet website ebay.com under the name "Tadas Urbonaitis," including dietary supplements identified as PREVAGEN® and picturing bottles of Plaintiff's PREVAGEN® products such as PREVAGEN® Extra Strength product.

17. Defendants have sold and delivered within the United States dietary supplements identified as Quincy's PREVAGEN® Extra Strength product consisting of material not manufactured by Quincy.

18. Defendants have sold and delivered within the United States dietary supplements identified as Quincy's PREVAGEN® Extra Strength product containing ingredients and substances not found in Plaintiff's PREVAGEN® Extra Strength product. Defendants deliver dietary supplements identified as Quincy's

"PREVAGEN®" products to consumers without single facing box packaging or a product information sheet.

19. Defendants are not authorized dealers of Quincy's PREVAGEN® products.

20. Upon information and belief, Defendants had knowledge of Quincy's prior use and registration of the PREVAGEN® trademark, and acted willfully and with intent to deceive consumers in its adoption and use of the PREVAGEN® mark.

## COUNT I
## COUNTERFEITING
## (15 U.S.C. § 1114(1)(a))
## (Against All Defendants)

21. Plaintiff Quincy repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

22. Defendants are using Plaintiff's registered PREVAGEN® trademark in interstate commerce in connection with Defendant's nutritional supplement products.

23. Defendants' use of the PREVAGEN® mark is without Plaintiff's consent.

24. Plaintiff has used the PREVAGEN® trademark in connection with dietary supplements since long prior to Defendants' first use thereof.

25. Defendants' use of the PREVAGEN® mark in connection with dietary and nutritional supplements is likely to cause confusion or mistake among consumers, or to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and Defendants, in violation of 15 U.S.C. § 1114(1)(a).

26. PREVAGEN® is registered on the principal register in the United States Patent and Trademark Office for the same type of goods upon or in connection with which Defendants use the mark.

27. Upon information and belief, Defendants adopted and use the PREVAGEN® mark in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill that Plaintiff has built up

in those marks and confuse consumers as to the affiliation between Defendants and Plaintiff, and to divert customers and revenue from Plaintiff.

28. Upon information and belief, Defendants intentionally use the PREVAGEN® mark, knowing such mark is counterfeit, in connection with the sale, offering for sale, or distribution of Defendants' goods.

29. The aforementioned actions and activities of Defendants have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

## COUNT II
## TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)
**(Against All Defendants)**

30. Plaintiff repeats and re-alleges paragraphs 1-20 and 22-29 above as if fully set forth herein.

31. Defendants are using Plaintiff's registered PREVAGEN® trademark in interstate commerce in connection with Defendants' dietary supplement products.

32. Defendants' use of the PREVAGEN® mark is without Plaintiff's consent.

33. Plaintiff has used the PREVAGEN® trademark in connection with dietary supplements since long prior to Defendants' first use thereof.

34. The missing front facing box packaging, product information sheet, and money-back guarantee in Defendants' product each represent a material difference between Plaintiff's PREVAGEN® products and Defendants' products.

35. Defendants' use of the PREVAGEN® mark in connection with dietary and nutritional supplements is likely to cause confusion or mistake among consumers, or to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and Defendants, in violation of 15 U.S.C. § 1114(1).

36. Defendants have acted with actual or constructive knowledge of Plaintiff's trademarks and registrations, and upon information and belief, with deliberate intention to confuse consumers, or willful blindness to Plaintiff's rights.

37. The aforementioned actions and activities of Defendants have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

38. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

39. Upon information and belief, Defendants have made or will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

40. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT III

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

### (15 U.S.C. § 1125(a))

### (Against All Defendants)

41. Plaintiff repeats and re-alleges paragraphs 1-20, 22-29, and 31-40 above as if fully set forth herein.

42. Defendants' use of the PREVAGEN® mark which is identical or confusingly similar to Plaintiff's PREVAGEN® mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff.

43. Defendants' actions, as set forth, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

44. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

45.  Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

46.  By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT IV

## CALIFORNIA DILUTION STATUTE

### Cal. Bus. & Prof. Code Section 14330 et seq.

### (Against All Defendants)

47.  Plaintiff repeats and re-alleges paragraphs 1-20, 22-29, 31-40, and 42-46 above as if fully set forth herein.

48.  Plaintiff's PREVAGEN® mark is famous.

49.  Defendants' use of the PREVAGEN® mark commenced after Plaintiff's PREVAGEN® mark became famous.

50.  Defendants have used the PREVAGEN® mark in commerce.

51.  Defendants' wrongful acts, as detailed above, dilute the distinctive quality of Plaintiff's distinctive PREVAGEN® and are likely to injure Plaintiff's business reputation, in violation of California Business & Professions Code, Sections 14330-14335.

52.  By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT V

## UNFAIR COMPETITION – COMMON LAW

### (Against All Defendants)

53.  Plaintiff repeats and re-alleges paragraphs 1-20, 22-29, 31-40, 41-46, and 48-52 above as if fully set forth herein.

54. Defendants' use of Plaintiff's PREVAGEN® mark is likely to and does permit Defendants to pass off their products as those of Plaintiff, all to the detriment of Plaintiff and the unjust enrichment of Defendants.

55. Defendants' unauthorized use of the PREVAGEN® mark has caused and is likely to continue to cause damage to Plaintiff's valuable reputation and image associated with Plaintiff and its PREVAGEN® product. Defendants have passed off their goods as those of Plaintiff by Defendants' misrepresentations to the public such that Defendants' acts are likely to cause confusion, or to cause mistake, or to deceive members of the public as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff. Defendants intended to mislead consumers

56. By reason of the foregoing, Defendants are liable to Plaintiff for compensatory damages and/or Defendants' illicit profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. That Defendants and their agents, servants, employees, and attorneys and those persons in active concert or participation with or controlled by them be preliminarily and permanently enjoined from:

    i. Using the PREVAGEN® mark;

    ii. Using any mark or symbol that may be calculated to represent, or which has the effect of representing, that the services or products of Defendants are sponsored by, authorized by, or in any way associated with Plaintiff;

    iii. Falsely representing that Defendants are associated with or sponsored by Plaintiff or engaging in any act which is likely to cause the trade or purchasing public to believe that Defendants are in any way associated with or sponsored by Plaintiff; and

   iv. That Defendants be required to account to Plaintiff for any profits derived by it and for damages sustained by Plaintiff by reason of the acts of trademark infringement, dilution, deceptive and unfair trade practices, and unfair competition complained of herein.

B. That judgment be entered against Defendants for:

   i. Plaintiff's damages and Defendants' profits; statutory damages; treble damages or profits, whichever are greater; prejudgment interest; and attorneys' fees pursuant to the Lanham Act for Defendants' willful infringement and dilution of Plaintiff's marks; and

   ii. That Defendants be required to pay to Plaintiff the costs of this action.

C. That this Court grant to Plaintiff any further relief deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action under Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 10, 2021

CALL & JENSEN
A Professional Corporation
Matthew R. Orr
William P. Cole

By: */s/ Matthew R. Orr*
   Matthew R. Orr

Attorneys for Plaintiff Quincy Bioscience, LLC